S11Y0881. IN THE MATTER OF PATRICK ANTHONY POWELL.
(710 SE2d 145)

PER CURIAM.

This disciplinary matter is before the Court pursuant to a petition for voluntary discipline filed by Respondent Patrick Anthony Powell (State Bar No. 586289), who has been a member of the Bar since 1998. In the petition, which Powell filed pursuant to Bar Rule 4-227 (b) prior to the filing of a Formal Complaint, Powell admits that a client whose home had been damaged in 2007 by a windstorm and lightning strike retained him in April 2008 to handle issues regarding his homeowner's insurance policy. Powell filed a complaint in superior court on the client's behalf, and the case subsequently was transferred to federal court on the defendant's motion. Powell admits that thereafter he did not promptly respond to defendant's discovery requests; promptly supply information needed for the joint preliminary report and discovery plan; promptly return his client's telephone calls; or file a

response to defendant's motion to dismiss. Powell contends that he became ill during this time frame but admits that he failed to advise his client of his illness or to seek to withdraw from the representation. Based on this record, Powell admits that he violated Rules 1.3, 1.4 and 3.2 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment, while the maximum sanction for a violation of Rule 1.4 or Rule 3.2 is a public reprimand.

In mitigation of discipline, Powell asserts that he has no prior disciplinary history; that he became ill during the representation of his client; that the client hired another attorney to take over the case in federal court while discovery was still open and before either the motion to dismiss was filed or the deadline for the joint preliminary report and discovery plan had expired; and that the client told Powell the new attorney was handling the matter and not to do anymore work on the case. Based on this record, Powell requests that the Court accept his petition for voluntary discipline and impose any level of discipline between a Review Panel reprimand and a three-month suspension for his actions. The State Bar has responded urging the Court to accept Powell's petition and impose a three-month suspension.

We agree that, in light of the mitigating factors, a three-month suspension is adequate discipline for Powell's disciplinary violations. Therefore we accept Powell's petition for voluntary discipline and hereby suspend Powell from the practice of law in Georgia for a period of three months from the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c).

*Three-month suspension. All the Justices concur.*

DECIDED MAY 16, 2011.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.